UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : No: 08-MJ-045M
:
JUAN ANTONIO LOPEZ :

**OBJECTION TO GOVERNMENT'S MOTION TO DISQUALIFY**

Attorney for the Defendant, Benjamin Mesiti, hereby objects to the Government's motion to disqualify counsel from representing Defendant, Juan Antonio Lopez, for an "actual conflict of interest or a serious potential for a conflict of interest." Attorney Mesiti maintains that the Government has failed to demonstrate an "actual conflict of interest or a serious potential for a conflict of interest" with regard to the above captioned case. Further, Defendant, Juan Antonio Lopez has expressed his intention to waive any conflict arising out of this matter.

**FACTS**

The Government's rendition of the facts of Defendant's case is substantially similar to the facts previously provided to the Defendant in the DEA affidavit. In addition to those facts, it should be known that another party named within the affidavit, Ricardo Quezada, was arrested at the same or substantially similar time as Juan Antonio Lopez, however, Mr. Quezada was not charged with any crime and released from custody.

For further clarification, the State of Rhode Island criminal matter in which Ricardo Quezada was Defendant was closed to all litigation on October 29, 2007. Any payment of court costs and related fees were not supervised by Attorney Mesiti. It should

also be noted that the online docket system at "courtconnect.courts.ri.gov" is not an official document, and that fact is prominently displayed on the website.

## ARGUMENT

The Government properly points out that the Court, when faced with a conflict issue, is put in a difficult position. Defense counsel agrees. The Court may choose to determine which outcome is more likely; a defendant's ineffective assistance of counsel claim arising from a compromised defense, or a Sixth Amendment challenge to a conviction. Ultimately, either is available to a defendant once the issue of disqualification has been decided. An even greater issue, however, is whether the Government has sufficiently demonstrated that "an actual or serious potential conflict" would warrant the denial of a defendant's Sixth Amendment right to choose counsel. Defense counsel offers that the Government has not.

The Government cites Wheat v. United States, 486 U.S. 153 (1988) in their brief. Wheat is distinguishable from the facts of Lopez in that the conflict was actual and obvious. Counsel for the defendant was already representing two co-defendants in the same case. Two days before trial Wheat moved to be counsel's third client. The Court denied Wheat's motion. This is unlike Lopez in that the subject who is the reason for the potential conflict, Ricardo Quezada, is not a co-defendant of Mr. Lopez. In fact, Mr. Quezada was arrested, but not charged in connection with this case. By doing this, the Government has failed to demonstrate that Mr. Quezada's involvement in any criminal activity extends beyond what the DEA has already determined to be insufficient for an arrest, thereby significantly reducing the probability that a conflict would arise.

Also cited in the Government's brief is United States v. Lanoue, 137 F.3d 656 (1998). In Lanoue, defense counsel had previously represented Lanoue's co-defendant, Cole, through trial. Counsel then took on representation of Lanoue in the same conspiracy. The Court denied counsel's representation of two co-defendants in the same case. In Lopez, there are no co-defendants. While the Government gives the allusion that a future arrest could occur, the fact remains that it has not. Further, Attorney Mesiti is not seeking to represent both Lopez and Quezada.

Finally, regarding the alleged potential conflict with Hector Figueroa; Attorney Mesiti's involvement was limited only to filing a claim for monies seized. Said claim was never litigated, never went beyond the filing, and has since been taken over by another attorney. Defense counsel would offer that this does not arise to "an actual conflict or a serious potential for conflict"

## CONCLUSION

All of the legal arguments made by the Government, and all of the case laws cited, rely on one very important set of facts; the conflicts of interest arose from the same lawyer representing co-defendants arising out of the same case. This Motion to Disqualify is based around facts in which the conflict is with a former defendant who was represented on a separate case, and who was not charged with a new crime. The Government's actions here are tantamount to a preemptive strike based on conjecture and possibilities, rather than hard facts and charged defendants. The Government has already demonstrated a lack of prosecution for whom they consider to be a potential conspirator (and the basis for any conflict). Defense counsel avers that the Government has not

offered sufficient facts that would arise to "an actual conflict or a serious potential conflict" so that to deny Defendant a Constitutional right.

Respectfully Submitted,

Benjamin A. Mesiti, Esq.
597 Broad Street
Central Falls, RI 02863
(401) 335-3392
(401) 475-5439 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was hand delivered to the United States District Court for the District of Rhode Island, and the U.S. Attorney's Office on this 2nd day of April, 2008.