UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : 1:08-MJ-45M
:
JUAN ANTONIO LOPEZ :

**MEMORANDUM AND ORDER**
**DENYING WITHOUT PREJUDICE**
**MOTION TO DISQUALIFY**

Before the Court is the Government's Motion to Disqualify (Document ("Doc.") #5) ("Motion to Disqualify" or "Motion"). By the Motion, the Government seeks to disqualify Attorney Benjamin A. Mesiti ("Attorney Mesiti") from representing Defendant Juan Antonio Lopez ("Defendant" or "Lopez") in the above captioned matter. See Motion at 1. The Government contends that there "exists an actual conflict of interest or a serious potential for a conflict of interest that warrants disqualification." Id.

**Facts and Travel**

On March 24, 2008, Defendant appeared before the Court for an initial appearance pursuant to Fed. R. Crim. P. 5 on the above numbered criminal Complaint (Doc. #1). See Docket. The Complaint charged Defendant with conspiring with unidentified "others," Complaint, from a "date unknown and continuing to 3/23/2008," id., to distribute one kilogram or more of heroin, see id.[1] He was represented at the initial appearance by Attorney Mesiti, who filed his Appearance (Doc. #2) in the action. After the Court determined that Defendant wished to have a preliminary examination and a detention hearing, the Court

---

[1] The facts giving rise to this charge are contained in the affidavit filed in support of the Complaint. As the affidavit remains temporarily under seal, the Court eschews discussion of its contents. However, the Court takes into consideration the facts stated therein in deciding the instant Motion.

scheduled those hearings, with the consent of the parties, for March 27, 2008. See Docket.

At the outset of the March 27th hearing counsel for the Government, Assistant U.S. Attorney Sandra R. Beckner ("AUSA Beckner"), orally advised the Court of the Government's belief that Attorney Mesiti might have a conflict of interest. See Order Continuing Preliminary Examination and Detention Hearing (Doc. #4) ("Order of 3/28/08") at 1; see also tape of 3/27/08 Hearing. AUSA Beckner stated that Attorney Mesiti had previously represented two persons, Ricardo Quezada ("Quezada") and Hector Figueroa ("Figueroa"), who were potentially co-conspirators with Defendant in the conspiracy alleged in the instant Complaint. See id. While AUSA Beckner advised the Court of this information, she did not indicate unequivocally that the Government was seeking to disqualify Attorney Mesiti from representing Defendant. See id. Because of this lack of definitiveness, the Court continued the preliminary examination and detention hearing until April 2, 2008, and directed the Government to file a written motion by 12:30 p.m. on March 31, 2008, setting forth what action it was seeking relative to Attorney Mesiti's representation of Defendant. See id. The Court additionally directed Attorney Mesiti to file a response to the Government's Motion by 1:30 p.m. on April 2, 2008. See id.

In accordance with the Court's directive, the Government filed the instant Motion to Disqualify and Attorney Mesiti filed an objection to that motion. See Motion; Objection to Government's Motion to Disqualify (Doc. #6) ("Objection"). The Court heard oral argument on the Motion at the April 2, 2008, hearing. See Tape of 4/2/08 Hearing. The Court addressed Defendant personally and determined that he wished to be represented by Attorney Mesiti, notwithstanding Attorney Mesiti's prior representation of Quezada and Figueroa, and that Defendant

waived any conflict of interest claim due to such representation. The Court also considered the preliminary nature of the scheduled proceedings and the fact that they would be further delayed if Attorney Mesiti were disqualified. For these reasons, the Court concluded the alleged conflict of interest was not so great that it necessitated that Attorney Mesiti be precluded from representing Defendant at the proceeding. See id. Accordingly, the Court indicated that to the extent the Motion sought to prevent Attorney Mesiti from representing Defendant at the preliminary examination and detention hearing, the Motion was denied. To the extent the Motion sought to disqualify Attorney Mesiti from continuing to represent Defendant in this criminal action, the Court stated that it would take the matter under advisement and issue a Memorandum and Order. This is that Memorandum and Order.

**Law**

A criminal defendant has a presumptive right to counsel of his choice, see Wheat v. United States, 486 U.S. 153, 164, 108 S.Ct. 1692, 1700 (1988); see also Powell v. Alabama, 287 U.S. 45, 53, 53 S.Ct. 55, 58 (1932)("a defendant should be afforded a fair opportunity to secure counsel of his own choice"), and courts should hesitate to disqualify defense counsel, United States v. Ross, 33 F.3d 1507, 1523 (11th Cir. 1994), see also In Re Grand Jury Proceedings, 859 F.2d 1021, 1026 (1st Cir. 1988)(warning that "disqualification of ... counsel should be a measure of last resort")(quoting United States v. Diozzi, 807 F.2d 10, 12 (1st Cir. 1986))(alteration in original). The government bears a heavy burden in demonstrating that disqualification is justified. In Re Grand Jury Proceedings, 859 F.2d at 1026.

Nevertheless, the presumption in favor of a defendant's choice of counsel "may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for

conflict." Wheat v. United States, 486 U.S. at 164, 108 S.Ct. at 1700; In re Grand Jury Proceedings, 859 F.2d at 1024 (citing Wheat); see also United States v. Lanoue, 137 F.3d 656, 663 (1st Cir. 1998)("A district court can disqualify a defendant's attorney over that defendant's objection where it finds either an actual conflict or a serious potential conflict.").

**Discussion**

In the Motion, the Government states that:

> Attorney Mesiti represented Ricardo Quezada in a felony heroin case as recently as October 29, 2007. The defendant admitted to law enforcement that he met with Quezada on March 23, 2008[,] in a heroin related transaction. According to the defendant's confession, some of which was recorded, the defendant had dealt with Quezada more than 6 times. He admitted that he sold Quezada a kilogram of heroin at a time, and that he met with him every 3-4 weeks. Based upon the defendant's statement there appears to be a very real possibility that he was dealing heroin with Quezada during the time period in which Attorney Mesiti represented Quezada in Rhode Island State Court for possession of heroin.

Motion at 9. Based upon these facts, the Government contends that "Attorney Mesiti represented Quezada in the same or a substantially related matter to the instant prosecution of the defendant." Id.

The Court is unpersuaded that the facts alleged support the Government's contention. Although Attorney Mesiti previously represented Quezada in the state court possession of heroin case, the Government has not provided any of the facts pertaining to that charge. Even the most basic information, such as the date of the offense and the disposition of the charge, is absent from the Motion.[2] Attorney Mesiti indicates that his representation

[2] In fairness, counsel for the Government only had three days to prepare the Motion to Disqualify, and two of those days were Saturday and Sunday when the state courts were not open. However, no additional factual information regarding the state charge was provided

of Quezada concluded on October 29, 2007, and that he was not involved in the "payment of court costs and related fees ...."[3] Objection at 1. The Court infers from this latter statement that Quezada either pled guilty (or nolo contendere) to the state charge or that he was found guilty after trial. The Court makes this inference because court costs and fees are not usually imposed when a criminal charge is dismissed or the defendant is acquitted. The Court is also aware that in the state court system it usually takes at least a few months for a felony charge to move through that system to a point where a defendant is able to enter a plea or have a trial. As a result, this Court concludes that it is likely that the date of offense for the state possession of heroin charge predates October 29, 2007, by at least a few months (and possibly more).

Thus, although the Government extrapolates backwards to support its contention that Attorney Mesiti represented Quezada in the same or a substantially related matter to the instant prosecution, even assuming that Defendant was dealing heroin with Quezada on October 29, 2007, as the Government suggests, this does not establish that Attorney Mesiti represented Quezada in the same or a substantially related matter to the instant prosecution. Indeed, given the usual delay which occurs between arrest and final disposition of a felony charge in the state court, it seems more likely than not that the earlier state

---

by the Government at the hearing on April 2, 2008. By that date, the Government presumably could have obtained a copy of the criminal information or indictment pertaining to that charge from the state court.

[3] Attorney Mesiti states: "[T]he State of Rhode Island criminal matter in which Ricardo Quezada was Defendant was closed to all litigation on October 29, 2007. Any payment of court costs and related fees were not supervised by Attorney Mesiti." Objection at 1. The Court treats these statements as a representation by Attorney Mesiti that he did not represent Quezada after that date.

charge was unrelated (or at the very least not substantially related) to the instant prosecution. This Court declines to find a substantial relationship between the matter in which Attorney Mesiti represented Quezada on October 29, 2007, and the instant prosecution in the absence of any factual information regarding this prior matter (other than that the charge was possession of heroin). Accordingly, to the extent that the Government seeks to disqualify Attorney Mesiti from representing Defendant because of its contention that the prior matter was the same as or substantially related to the instant prosecution, the Motion is denied. This denial is without prejudice to the right of the Government to renew the Motion if the Government obtains additional factual information which indicates that the matter in which Attorney Mesiti represented Quezada is the same or substantially related to the instant criminal prosecution of Defendant.

The Court next considers whether the fact that Quezada is a potential co-conspirator[4] with Defendant and Attorney Mesiti previously represented Quezada creates a conflict of interest such that the Motion should be granted. According to the Government:

> [I]n light of the facts garnered in the investigation and the defendant's confession, some of which was recorded, there is a real possibility that Mr. Quezada will be a witness against the defendant or vice-versa. If the former situation arises, then Attorney Mesiti will be forced to cross-examine his former client. If the latter situation arises, then Attorney Mesiti will be in a position which requires that he assist the defendant with

---

[4] The Court uses the term "potential co-conspirator" because Quezada has not yet been charged. Cf. Wheat v. United States, 486 U.S. 153, 163-64, 164, 108 S.Ct. 1692, 1699 (1988)(finding no abuse of discretion in precluding attorney, who already represented two named co-conspirators, from representing a third co-conspirator where it was likely that one of the co-conspirators would be called as witness at the third's trial).

> his cooperation with the government against Quezada, but not reveal Quezada's confidences or otherwise violate his obligations to Quezada. The entire situation is compounded by the fact that apparently Quezada is now represented by Attorney Alberto Aponte Cardona, an attorney with the same address and facsimile number of Attorney Mesiti. In light of these facts, there appears to be a serious potential that Attorney Mesiti will be placed in an untenable position should he continue to represent the defendant.

Motion at 10.

Thus, the Government appears to contend that Attorney Mesiti's successive representation of Quezada and Defendant creates a conflict of interest and necessitates his disqualification. This Court finds instructive a recent decision by Magistrate Judge Timothy S. Hillman of the District of Massachusetts which addressed the issue of successive representation. Judge Hillman wrote:

> The Eleventh Circuit has held that "in a successive representation case, mere proof that a criminal defendant's counsel previously represented a witness is insufficient to establish" an actual conflict. Smith v. White, 815 F.2d 1401, 1405 (11th Cir. 1987). Instead, to establish that his attorney had an actual conflict of interest, the defendant must show: (1) that his attorney's "earlier representation of the witness was substantially and particularly related to counsel's later representation of the defendant," or (2) that his attorney "actually learned particular, confidential information during the prior representation of the witness that was relevant to defendant's later case." Id.; see also Enoch v. Gramley, 70 F.3d 1490 (7th Cir. 1995)(adopting Eleventh Circuit approach).

United States v. Lemieux, 532 F.Supp.2d 225, 231 (D. Mass. 2008). Judge Hillman found that the Eleventh Circuit test is consistent with the approach adopted by the First Circuit for purposes of evaluating whether actual or potential conflicts of interest warrant that an attorney be disqualified in a criminal case. See id. This Magistrate Judge shares that opinion.

Applying the above test to the instant case, the Court has already determined that the Government has presented insufficient information about the prior charge to permit the Court to find that Attorney Mesiti's earlier representation of Quezada was substantially related to Attorney Mesiti's representation of Defendant in the instant case. Thus, the Court is unable to find that the requirements for disqualification under the first prong of the test have been satisfied.

As for the second prong, the Court is similarly unable to find that Attorney Mesiti actually learned particular, confidential information during his prior representation of Quezada that is relevant to the present case against Defendant, essentially for the same reason. The Court simply does not have sufficient information about the prior charge to make any sort of informed judgment about the likelihood that Attorney Mesiti learned confidential information during his prior representation of Quezada that is relevant to the instant charge against Defendant.

Accordingly, the Court denies the Motion to the extent that it seeks to disqualify Attorney Mesiti because of his prior representation of Quezada. See Smith v. White, 815 F.2d 1401, 1405 (11th Cir. 1987)(holding "that in a successive representation case, mere proof that a criminal defendant's counsel previously represented a witness is insufficient to establish 'inconsistent interests'")(quoting Barham v. United States, 724 F.2d 1529, 1532 (11th Cir. 1984)). This denial is again without prejudice to the right of the Government to renew the Motion if it obtains addition information which it believes would satisfy either prong of the test stated in Smith v. White.[5] See id. at

[5] While not indicating how it would rule, the Court notes that the factual posture of the instant case would be altered if Quezada were charged in the same indictment as Defendant.

1405.

As for the Government's alternative request that the Court hold a hearing in accordance with United States v. Foster, 469 F.2d 1 (1st Cir. 1972), see Motion at 11, presumably to explore the nature of the relationship which exists between Attorney Mesiti and Attorney Cardona and determine whether Defendant and Quezada will waive any conflict of interest claim because of that relationship (and also determine whether Quezada will waive any conflict of interest claim because of Attorney Mesiti's prior representation of him), given that Quezada has not been charged and that Attorney Cardona has no matter pending before the Court, the Court questions what authority it has at this juncture to compel Quezada and Attorney Cardona to appear before it for any proceeding. This circumstance is, in the Court's view, yet another indication that the instant Motion is premature.

To the extent that the Government suggests that Attorney Mesiti may be placed in a conflict of interest situation if the Government seeks the cooperation of Defendant against Quezada, the Court is not inclined to disqualify Attorney Mesiti based on a possible conflict that may or may not arise. If the Government is in fact in genuinely interested in securing Defendant's cooperation against Quezada, it should communicate its offer in writing to Attorney Mesiti and renew the Motion to Disqualify based on that specific offer.

Lastly, the Government states in a footnote that:

> Attorney Mesiti also represented Hector Figueroa, a defendant in a related case (Cr. 08-MJ-051M) before this Court. Attorney Mesiti represented Hector Figueroa in his efforts to recover $11,900 that was seized from Figueroa on October 2, 2007. The $11,900 was found in a white, plastic bag with a majority of the bills in $10 and $20 denominations. A narcotics certified canine gave a positive indication for narcotics on the money. The status of that case is unknown to [AUSA Beckner].

Motion at 5 n.1. The statement that Attorney Mesiti represented Figueroa in "a related case," id., is conclusory and unsupported by any facts which would enable the Court to makes its own determination regarding this assertion.[6] Attorney Mesiti has also stated on the record that his representation of Figueroa was limited to filing papers to contest the forfeiture, that the papers were not filed in this court, that they were filed late and apparently rejected for that reason, and that he is no longer representing Figueroa in the matter. See Tape of 3/27/08 Hearing. Accordingly, the Court finds an insufficient basis on which to disqualify Attorney Mesiti because of this prior representation of Figueroa. To the extent that the Motion seeks such action, it is denied without prejudice to being renewed if the Government provides additional information regarding the relatedness of the prior matter involving Figueroa to the instant charge against Defendant.

Accordingly, for the reasons stated above, the Motion to Disqualify is denied without prejudice.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
April 17, 2008

[6] Again, the Court acknowledges the short time frame the Government had to prepare the Motion, see Discussion supra at 4 n.2, but also notes that no additional information was provided at the April 2, 2008, hearing on the Motion. The present status of the forfeiture proceeding would seem to be a matter which the Government is capable of ascertaining.